# EXHIBIT G

**Olimpio Lee Squitieri, Esq.**
**SQUITIERI & FEARON, LLP**
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
P: (212) 421-6492
F. (212) 421-6553

**SUPERIOR COURT OF NEW JERSEY**
**COUNTY OF BERGEN, LAW DIVISION**

| | |
|---|---|
| HEATHER DETMAR,<br><br>Plaintiff,<br><br>vs.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Docket No.: BER-L-2399-21<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff serves this First Demand For Production of Documents upon Defendant UNILEVER UNITED STATES, INC. pursuant to the New Jersey Rules of Court. Defendant must, with respect to each requested item or category, produce responsive documents within the time and in the manner provided by the New Jersey Rules of Court and must "organize and label them to correspond with the categories in the request," pursuant to the strict requirements set forth in Rule 4:18-1.

## I. DEFINITIONS

1. The terms "You", "Your" or the "Company" refers to Defendant UNILEVER UNITED STATES, INC., and each of its predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.

2. The term "concerning" means relating to, referring to, describing, evidencing, or constituting. Requests for documents "concerning" any subject matter include documents

concerning communications regarding that subject matter.

   3.  "Document" or "documents" refers to all writings, recordings, video, audio and photographs, including all originals and duplicates within your possession, control or custody, including, but not limited to, memoranda, correspondence, reports, (including drafts, preliminary, intermediate, and final reports), studies, minutes, diaries, notes, transcripts, microfilm, tapes, input, output, and printouts, mechanical and electrical recordings, telephone and telephonic communications, speeches and all other recorded information, whether recorded in writing, electronically or mechanically, and all things similar to any of the foregoing.

   4.  "FDA" shall mean the United States Food and Drug Administration.

   5.  "Communication" refers to the transmittal of information (in the form of facts, ideas, inquires or otherwise), and includes, without limitation, documents, as defined above.

   6.  "TRESemmé" or "the Product" shall mean any product sold under the brand name TRESemmé.

   7.  The term "or" should be construed as disjunctive and conjunctive, and "any" and "all" as used herein shall include "each" and "every".  Similarly, the singular includes the plural, and vice versa.

   8.  "DMDM" means DMDM hydantoin.

## II.  INSTRUCTIONS

   1.  If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian and describe in full the circumstances surroundings its disposition from your possession or control.  A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof.

   2.  If any document called for by these requests is not produced on the ground that it is

privileged or otherwise claimed to be protected against production, you are requested to provide the following information with respect to each such document:

    (a) Its date;

    (b) Its author(s), its signator(s) and those who participated in its preparation;

    (c) The type of document it is (e.g., letter, chart, memorandum, etc.);

    (d) A description of its subject matter and length;

    (e) A list of those persons and entities to whom said document(s) was disseminated, together with their last known addresses and business affiliations;

    (f) The nature of the privilege or other rule relied upon in withholding production of each such document; and

    (g) The basis for the assertion of the privilege or other rule relied upon in withholding production of each such document.

    3. Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectionable matter which is relevant and material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested identification is furnished.

    4. This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available earlier shall be produced forthwith in accordance with Rule 4:18-1.

    5. Each document requested herein is requested to be produced in its entirety and without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Redactions should be

included on the privilege log.

6. If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:

(a) the date of disposal;

(b) the manner of disposal;

(c) the reason for disposal; and

(d) the person authorizing disposal.

### III.  DOCUMENTS REQUESTED

Plaintiff hereby demands that You produce the following documents:

1. The complaint (together with the related exhibits) from each lawsuit in which You, any Unilever entity, or Conopco, Inc. were sued concerning injuries allegedly associated with TRESemmé or DMDM.  Plaintiff includes in this request the *Reid* lawsuit against Unilever (*Reid v. Unilever*, 12-cv-6058 (N.D. Ill)) and *Castillo v. Unilever*, 20-cv-6786 (N.D. Ill.).

2. The testimony (and related exhibits) in any lawsuit against You, any Unilever entity, or Conopco, Inc. concerning injuries allegedly associated with TRESemmé or DMDM.

3. Documents (including consumer complaints) concerning injuries allegedly experienced by a consumer after using TRESemmé containing DMDM or any other Unilever or Conopco product containing DMDM.

4. Documents concerning any system used, or database established, by or for You concerning adverse events or injuries or problems allegedly experienced by persons after using TRESemmé or any other Unilever or Conopco product containing DMDM.

5. Documents concerning communications (including recordings) to Your customer hotline or submissions to Your website (including the "Contact Us" page) concerning claims by consumers that they were injured after using TRESemmé or any Unilever or Conopco product containing DMDM.

6. Documents concerning Your tracking of web sites and social media (including Instagram, Facebook and YouTube) concerning consumer complaints about injuries associated with TRESemmé or any of Your products containing DMDM.

7. Any agreements You have or had with any consultant, person, or company to track or filter submissions to websites or social media sites concerning adverse events or injuries associated with Unilever or Conopco products, including TRESemmé or products containing DMDM.

8. Organization charts sufficient to show the management-level or executive-level personnel at Unilever and Conopco responsible for marketing and selling TRESemmé and overseeing consumer complaints allegedly resulting from using TRESemmé or any of Your products containing DMDM.

Dated: July 21, 2021

                                            SQUITIERI & FEARON, LLP

                                            By:  /s/ Olimpio Lee Squitieri.
                                                Olimpio Lee Squitieri
                                          2600 Kennedy Boulevard
                                          Jersey City, New Jersey 07306
                                          Telephone: (212) 421-6492
                                          Facsimile:  (212) 421-6553
                                          Email: lee@sfclasslaw.com

                                          Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2021, I caused the foregoing Plaintiff's First Request for the Production of Documents to be served via first class mail on the following:

>Gavin J. Rooney, Esq.
>Reynold Lambert, Esq.
>Lowenstein Sandler LLP
>One Lowenstein Drive
>Roseland, New Jersey 07068
>Email: grooney@lowenstein.com
>Email: rlambert@lowenstein.com

By:   /s/ Olimpio Lee Squitieri
       Olimpio Lee Squitieri