# EXHIBIT H

**Paul V. Sweeny, Esq.**
**SQUITIERI & FEARON, LLP**
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
P: (212) 421-6492
F: (212) 421-6553

## SUPERIOR COURT OF NEW JERSEY
## COUNTY OF BERGEN, LAW DIVISION

| | |
|---|---|
| HEATHER DETMAR,<br><br>Plaintiff,<br><br>vs.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Docket No.: BER-L-2399-21<br><br>**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff serves this Second Demand For Production of Documents upon Defendant UNILEVER UNITED STATES, INC. pursuant to the New Jersey Rules of Court. Defendant must, with respect to each requested item or category, produce responsive documents within the time and in the manner provided by the New Jersey Rules of Court and must "organize and label them to correspond with the categories in the request," pursuant to the strict requirements set forth in Rule 4:18-1.

### I. DEFINITIONS

1. The terms "You", "Your" or the "Company" refers to Defendant UNILEVER UNITED STATES, INC., and each of its predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.

2. The term "concerning" means relating to, referring to, describing, evidencing, or constituting. Requests for documents "concerning" any subject matter include documents

concerning communications regarding that subject matter.

    3.    "Document" or "documents" refers to all writings, recordings, video, audio and photographs, including all originals and duplicates within your possession, control or custody, including, but not limited to, memoranda, correspondence, reports, (including drafts, preliminary, intermediate, and final reports), studies, minutes, diaries, notes, transcripts, microfilm, tapes, input, output, and printouts, mechanical and electrical recordings, telephone and telephonic communications, speeches and all other recorded information, whether recorded in writing, electronically or mechanically, and all things similar to any of the foregoing.

    4.    "FDA" shall mean the United States Food and Drug Administration.

    5.    "Communication" refers to the transmittal of information (in the form of facts, ideas, inquires or otherwise), and includes, without limitation, documents, as defined above.

    6.    "TRESemmé" or "the Product" shall mean any product sold under the brand name TRESemmé.

    7.    The term "or" should be construed as disjunctive and conjunctive, and "any" and "all" as used herein shall include "each" and "every". Similarly, the singular includes the plural, and vice versa.

    8.    "DMDM" means DMDM hydantoin.

## II.    INSTRUCTIONS

    1.    If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian and describe in full the circumstances surroundings its disposition from your possession or control. A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof.

    2.    If any document called for by these requests is not produced on the ground that it is

privileged or otherwise claimed to be protected against production, you are requested to provide the following information with respect to each such document:

      (a) Its date;

      (b) Its author(s), its signator(s) and those who participated in its preparation;

      (c) The type of document it is (e.g., letter, chart, memorandum, etc.);

      (d) A description of its subject matter and length;

      (e) A list of those persons and entities to whom said document(s) was disseminated, together with their last known addresses and business affiliations;

      (f)    The nature of the privilege or other rule relied upon in withholding production of each such document; and

      (g)    The basis for the assertion of the privilege or other rule relied upon in withholding production of each such document.

      3.    Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectionable matter which is relevant and material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested identification is furnished.

      4.    This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available earlier shall be produced forthwith in accordance with Rule 4:18-1.

      5.    Each document requested herein is requested to be produced in its entirety and without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Redactions should be

included on the privilege log.

6. If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:

    (a)     the date of disposal;

    (b)     the manner of disposal;

    (c)     the reason for disposal; and

    (d)     the person authorizing disposal.

### III. DOCUMENTS REQUESTED

Plaintiff hereby demands that You produce the following documents:

1. Documents concerning communications to Unilever's CEO from any public interest group (including US PIRG and the Campaign for Safe Cosmetics) requesting that Unilever remove formaldehyde, DMDM, or other formaldehyde releasers from its personal care products. Plaintiff includes in this request the May 2009 letter to Unilever from the Campaign for Safe Cosmetics and the July 8, 2016 Open Letter from U.S. PIRG to Paul Polman as well as Unilever's response to those letters.

Dated: August 30, 2022                      SQUITIERI & FEARON, LLP

                                            By: /s/ Paul V. Sweeny
                                                Paul V. Sweeny
                                        2600 Kennedy Boulevard
                                        Jersey City, New Jersey 07306
                                        Telephone: (212) 421-6492
                                        Facsimile: (212) 421-6553
                                        Email: paul@sfclasslaw.com

                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I caused the foregoing Plaintiff's Second Request for the Production of Documents to be served via first class mail on the following:

        Gavin J. Rooney, Esq.
        Reynold Lambert, Esq.
        Lowenstein Sandler LLP
        One Lowenstein Drive
        Roseland, New Jersey 07068
        Email: grooney@lowenstein.com
        Email: rlambert@lowenstein.com

        By:    /s/ Paul V. Sweeny
                 Paul V. Sweeny