# EXHIBIT J

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY SCHAFER<br><br>Plaintiff,<br><br>-against-<br><br>CONOPCO, INC. d/b/a UNILEVER HOME & PERSONAL CARE USA,<br><br>Defendant. | Case No. 2:23-cv-00348-KM-MAH<br><br>**FIRST DEMAND FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

TO:   Stephen J. Fearon, Esq.
    SQUITIERI & FEARON, LLP
    305 Broadway – 7th Floor
    New York, New York 10007
    P: (212) 421-6492

**PLEASE TAKE NOTICE** that Defendant Conopco, Inc. d/b/a Unilever Home & Personal Care USA ("Unilever"), through its undersigned attorneys, hereby demand that Plaintiff Holly Schafer ("Plaintiff") produce for inspection and copying all documents specified below that are in the possession, control, or custody of Plaintiff or her agents, counsel, employees, or representatives (the "Demand") by delivering the same to the law offices of Lowenstein Sandler, LLP, One Lowenstein Drive, Roseland, New Jersey 07068, within the time prescribed by, and in accordance with, the Federal Rules of Civil Procedures, Local Rules for the District of New Jersey, and the Definitions and Instructions that follow.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff's obligation to respond to this Demand is deemed continuing in nature, and to the extent that Plaintiff's responses may be enlarged or otherwise modified by documents subsequently discovered or acquired, Plaintiff is under a duty to promptly produce any such newly discovered or acquired documents.

                                      **LOWENSTEIN SANDLER LLP**
                                      *Attorneys for Defendant Conopco, Inc.*

Dated: June 1, 2023                        By:   *s/Reynold Lambert*
                                                              Gavin J. Rooney, Esq.
                                                               Reynold Lambert, Esq.

## DEFINITIONS

1. "Action" shall refer to this case, captioned Schafer v. Conopco, Inc., Docket No. 2:23-cv-00348-KM-MAH, filed in the United States District Court for the District of New Jersey.

2. "Communication(s)" or "communication(s)" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and shall include any form of communication from one to another including, without limitation, any written or oral communication, whether in person, by telephone, electronically or otherwise, including emails and messages sent via short messaging service ("SMS"), multimedia messaging service ("MMS"), or via any over-the-top ("OTT") messaging platform, including, but not limited to, text messaging, iMessage, WhatsApp, WeChat, Viber, Slack, and Facebook Messenger.

3. "Complaint" shall refer to the Complaint filed in this Action.

4. "Concerning" or "concerning" means consisting of, reflecting, referring to, relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of this request. A request for Documents "concerning" a specified subject matter always shall include notes and memoranda (whenever prepared) relating to the subject matter of the request.

5. "Document(s)" or "document(s)" is defined to be synonymous in meaning and scope to the broadest usage given to this term in or pursuant to the Court Rules, including but not limited to all writings and records of any kind, including embedded data and metadata, including the original, prior versions, drafts, and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation, written or electronic correspondence, communications, records, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, price lists, agenda, manuals, studies, checks, statements, ledgers of

account and work papers, whether involving third parties or inter-or intra-corporate, inter-office and intra-office communications or offers, notations in any form made of conversations, telephone calls, meetings or other communications, bulletins, printed matter (including newspapers, magazines and other communications and articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, invoice ledgers, work sheets, (and any drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic, or oral records of representations of any kind (including without limitation photographs, charts, graphs and microfiche, microfilm, videotape or film recordings) and electronic, mechanical or electrical records, or representations of any kind (including without limitation, tapes, cassettes, disks, recordings), or transcriptions thereof and any other documents as defined in the Court Rules. This term includes "electronic data" or information contained in or on Plaintiff's computer networks, mainframes, computer files, pocket organizes, personal digital assistants, stand-alone personal computers, LAN's local workstations, computer disks, file servers, e-mail systems, cd-roms, e-mails, hard drives, printer buffer or memories, fax memories, voice mail systems, or any related back-up or archived systems or tapes. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Person" means any natural person or any business, proprietorship, governmental agency, corporation, partnership, trust, joint venture, group, association, organization, legal or governmental entity or association, and all other entities.

7. "Products" means any products Plaintiff claims caused her injury or damages in this Action.

8. "Unilever" shall mean Defendant Conopco, Inc.

9. "You," "you," "Your," and "your" means the party to whom these document requests are addressed.

4

## RULES OF CONSTRUCTION

1. The use of the singular form of any word includes the plural and vice versa.

2. The use of the verb in any tense includes the use of that verb in all other tenses.

3. The masculine includes the feminine and the neutral genders, and vice versa.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery requests all responses that might otherwise be construed to be outside of their scope.

5. The terms "any" and "all" shall be construed to mean "each and every" as necessary to bring within the scope of discovery requests all responses that might otherwise be construed outside of their scope.

6. The term "including" shall not be construed as a limiting phrase but, rather, shall be read to mean, "including, but not limited to."

## INSTRUCTIONS

1. These discovery requests are continuing in nature and responses must be supplemented if you obtain further or different information. Unilever specifically reserves the right to seek supplementary responses to these discovery requests before trial.

2. Documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the request to which they are responsive and with information indicating their source, *i.e.*, the person(s) from whom the documents were obtained.

3. Documents or data maintained electronically shall also be produced in tiff format with extracted metadata and links to native documents. Metadata for e-mail files shall include: to (recipient); from (author); cc; bcc; subject; text (e-mail body); sent date; sent time; file format (application or type); information associating the e-mail with its corresponding attachment(s); folder

5

name; custodian. Metadata associated with native documents shall include, to the extent applicable, the custodian, file name, file size, file type (application), folder name (including available path information), date created, date last modified and date last accessed. Images (such as tiff or pdf documents) shall be produced with OCR data to enable full-text searching.

      4.      Documents maintained in hardcopy shall be produced in tiff image format with corresponding OCR text, associated data identifying the beginning and ending bates numbers and, to the extent applicable, information associating document families or attachment ranges.

      5.      Documents requested herein shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

      6.      The file or other container in which a document is kept is deemed to be an integral part of the document and shall be produced with the document. If, for any reason, the container cannot be produce copies of all labels or other identifying marks.

      7.      Documents attached to each other shall not be separated.

      8.      Each paragraph herein should not be construed independently and not with reference to any other paragraph for purpose of limitation.

      9.      You are requested to produce both original and non-identical copies of all responsive documents in your possession, custody or control, regardless of the location where the information is stored or the manner in which the information is stored, electronically or otherwise. As such, you are requested to produce all responsive documents stored in or originating from personal computers, laptops, mobile phones or other personal digital assistants (PDAS) or any devices similar to any of the foregoing used by your officers, employees or directors, whether or not such documents were sent or received through any or your corporate computer networks(s). You are also specifically requested to produce all audio, video, graphic, electronic, or handwritten responsive documents.

      10.    Each document requested herein shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to this request. If you have redacted any portion of the document, stamp the word "redacted" on each page of the document that you have redacted. If any document covered by these requests contains a redaction, please furnish a list identifying each such document, and provide the following information with respect to each such document:

    a.    the reason(s) for the redaction;

    b.    the date of the document;

    c.    identification by name, job title and the last known business and home addresses of each person who wrote, drafted, or assisted in the preparation of the document;

    d.    identification by name, job title and the last known business and home addresses of each person who received or has custody of the document or copies thereof;

    e.    identification by name, job title and the last known business and home addresses of each person who has viewed or had access to the document or copies thereof or to whom any portion of the contents had been communicated;

    f.    a brief description of the nature and subject matter of the document and of the redaction;

    g.    a statement of the facts that constitute the basis for any claim of privilege, work product or other grounds of non-disclosure; and

    h.    the paragraph(s) of these requests to which the document is responsive.

      11.    If any document requested herein is withheld from production, please furnish a list identifying each such document, and providing the following information with respect to each such document:

    a.    the reason(s) for withholding the document;

    b.    the date of the document;

   c. identification by name, job title and the last known business and home addresses of each person who wrote, drafted, or assisted in the preparation of the document;

   d. identification by name, job title and the last known business and home addresses of each person who received or has custody of the document or copies thereof;

   e. identification by name, job title and the last known business and home addresses of each person who has viewed or had access to the document or copies thereof or to whom nay portion of the contents has been communicated;

   f. a brief description of the nature and subject matter of the document;

   g. a statement of the facts that constitute the basis for any claim of privilege, work product or other grounds of non-disclosure; and

   h. the paragraph(s) of these requests to which the document is responsive.

12. Documents not otherwise responsive to these discovery requests shall be produced if such Documents mention, discuss, refer to, or explain the documents which are called for by these discovery requests or constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

13. If any Documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information:

   a. the date of disposal;

   b. the manner of disposal;

   c. the reason(s) for disposal;

   d. the person authorizing disposal; and

   e. the person disposing of the document.

**DOCUMENT REQUESTS**

1. All medical records concerning any treatment that Plaintiff sought in connection with any injury or harm alleged in the Complaint, including billings.

2. Documents sufficient to identify any allergies Plaintiff may have.

3. All documents and communications concerning your purchase and use of any Product.

4. All documents and communications that support or refute your contention that Product is "dangerous" (Compl. ¶ 1), "unreasonably dangerous" (*id.* ¶¶ 49, 58), "defective in design or formulation" (*id.* ¶ 56), "defective due to inadequate warnings or instructions" (*id.* ¶ 64), and "defective due to inadequate post-marketing warnings or instructions" (*id.* ¶ 69).

5. All documents and communications that support or refute your contention that DMDM hydantoin "caused Plaintiff and hundreds of other people to experience hair loss, thinning hair, and scalp irritation even when applied properly." (*Id.* ¶ 5.)

6. All documents and communications that support or refute your contention that "the use of DMDM as a preservative is an entirely unnecessary risk because various safer and affordable alternatives exist." (*Id.* ¶ 6.)

7. All documents and communications that support or refute your contention that "Defendant has long known that DMDM can cause hair loss, thinning hair, and scalp irritation." (*Id.* ¶ 7.)

8. All written expert reports submitted to you by each expert you expect to call at trial of the within action; all Documents and Communications relied upon by your experts; a curriculum vitae of any such expert; and a list of cases in which any such expert previously testified.

9. All documents and communications concerning any injury, damages, allergic reactions, or harm of any kind (whether financial, physical, or otherwise) you allege in the Complaint.

10. All photographs or pictures of any harm or injury alleged in the Complaint, including without limitation any photographs that show or depict Plaintiff's head, hair, or scalp (both before and after any injuries using any Product).

11. For any pictures or photographs produced in response to the previous request, documents sufficient to identify the date on which each such picture or photograph was taken.

12. All documents and communications concerning studies that support or refute any of the factual allegations or claims asserted in the Complaint.

13. All documents and communications that support or refute any of the factual allegations or claims asserted in the Complaint.

Dated: June 1, 2023                           **LOWENSTEIN SANDLER LLP**
                                              *Attorneys for Defendant*
                                              *Unilever United States, Inc.*


                                    By:   *s/Reynold Lambert*
                                          Gavin J. Rooney, Esq.
                                          Reynold Lambert, Esq.